**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.5:08CV1492** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **TRADCO CORPORATION, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Plaintiff United States of America's, (on behalf of the U.S. Small Business Administration ("SBA")), Motion for Summary Judgment. Plaintiff alleges the Defendants, Tradco Corporation and John J. Piscitelli, Jr., are in default in the payment of installments on a promissory note and guarantee. Plaintiff filed a Motion for Summary Judgment, requesting on its Amended Complaint for Foreclosure to foreclose on the real estate mortgage it is holding. Plaintiff further requests summary judgment on Defendant's Counterclaim, which alleges the mortgage is a cloud upon and slanders Defendants' title to the property. The Plaintiff acknowledges it is outside of the six year statute of limitations to seek money damages based on a breach of the promissory note. Plaintiff disavows any claim to a deficiency judgment it may have on the promissory note. (Pl.'s Br. Supp. Summ. J. 3.)

Therefore, Plaintiff has abandoned Count I of its Amended Complaint.

**II. FACTS**

The United States of America is the Plaintiff, based upon a claim by the SBA, an agency of the United States of America. (Am. Compl. ¶ 1.) On or about March 8, 1982, the Defendants, Tradco Corporation and John J. Piscitelli, Jr., executed and delivered to the Akron Small Business Development Corporation, a Certified Development Company Note ("Note"), whereby the Defendants promised to pay the principal amount of $168,000.00, plus interest on the unpaid principal balance at the rate of 13.803 percent per annum. (Am. Compl.¶ 4; Def.'s Resp. to Pl.'s Interrog. No. 1-6.) In order to secure the payment of the Note, Defendants executed and delivered to the Akron Small Business Development Corporation a Mortgage. (Am. Answer ¶ 8.) This Mortgage encumbers a commercial property located at 1081 Rosemary Boulevard, Akron, Ohio. The Note and Mortgage were subsequently assigned to the SBA, thus, Plaintiff is now the owner and holder of the Note and Mortgage. (Am. Compl. ¶ 4,8; Pl.'s Req. for Admis. No. 3-4.)

In 2002, twenty years after the execution of the Note, the SBA notified Defendant John J. Piscitelli, Jr. that the Note had not been paid. (Def.'s Br. Opp. Summ. J. Ex. A.) On or about December 9, 2002, Defendants John J. Piscitelli, Jr. and Tradco sent a letter to the SBA, attaching a copy of a Satisfaction of Mortgage, which Defendant believed was tied to the Note. (Def.'s Dep. at 15-17.) On June 20, 2008, Plaintiff filed a Complaint for Foreclosure against Defendants. Although Defendant John J. Piscitelli, Jr. stated he believed payments were being made on the Note (Def.'s Dep. at 16-17), he also admitted that he and Defendant Tradco Corporation were in default of payment on the Note (Pl.'s Req. for Admis. No. 9).

The Note was signed in 1982 and payments were to be made in equal monthly installments over a twenty-five year period and, for the most part, Defendants made timely payments up until their last payment on August 3, 1998. Thereafter, the terms and conditions of the Note and Mortgage were breached by reason of non-payment, and the Plaintiff accelerated the balance due and owing thereon. (Pl.'s Br. Supp. Summ. J. Ex. B.) Currently, after all the payments on the Note have been properly credited, Defendants owe Plaintiff the principal amount of $144,805.58, and interest of $180,709.34, together with interest at the rate of $54.76 per day from April 4, 2008, on the principal amount. (Pl.'s Br. Supp. Summ J. Ex E.)

### III. LAW AND ANALYSIS

#### A. Standard of Review

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006); *Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005). The initial burden to demonstrate the absence of a genuine issue of material fact rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "When a motion for summary judgment is properly made and supported" the initial burden shifts to the opposing party, who "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be

no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *accord Leadbetter v. Gilley*, 385 F.3d 683, 689-90 (6th Cir. 2004); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). A fact is material only if its resolution "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushito Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). "Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true." *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317). Furthermore, the court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Circ. 1996). Rather, the burden falls on the non-moving party to designate specific facts or evidence in dispute. *Anderson*, 477 U.S. at 249-250.

### B. Plaintiff's Mortgage Foreclosure Claim

Plaintiff requests this Court enter summary judgment in its favor to foreclose on the real estate mortgage it is holding. According to the express terms of the mortgage, Plaintiff has the right to foreclose upon the property in the event of a default by the mortgagors. (Pl.'s Br. Supp. Summ. J. at 5.) Defendants argue a genuine issue of material fact exists as to whether Defendants paid the Note in full. (Def.'s Br. Opp'n Summ. J. at 3-5.) Additionally, the

4

Defendants argue foreclosure of the mortgage is time-barred by the applicable statute of limitations (Answer ¶ 19) and Defendants further contend that Plaintiff's Complaint is also barred by the doctrine of laches. (Answer ¶ 24.)

As the Plaintiff correctly points out, no genuine issue of material fact exists as to whether the Note was paid in full. Defendant John J. Piscitelli Jr. admitted he and Defendant Tradco are in default of payments on the Note. (Pl.'s Req. for Admis. No. 9.) Defendants have not presented any evidence to support their claim that the Note was paid in full. Plaintiff has provided an affidavit and record of payment history which verifies that the Note has not been paid in full. (Lukich Aff. 1-11.) A party "cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (i.e., by filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Defendant cannot create a genuine issue of material fact by offering responses in his deposition which contradict his own responses to Plaintiff's interrogatories. Thus, even construing all the evidence in the light most favorable to the Defendant, this Court finds that there is no genuine issue of material fact that the Note has not been paid in full.

Furthermore, as a matter of law, neither the defense of statute of limitations nor the defense of laches are viable defenses. When the United States lends money, such as under the SBA program, federal, not state law, determines the applicable statute of limitations. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 725 (1979) (noting that under a nationwide federal loan program, it is settled that federal law ultimately controls the government's rights and

5

responsibilities). Under federal law, the statute of limitations pertaining to suits by the government on a promissory note for money damages is governed by the six year statute of limitations found at 28 U.S.C. § 2415(a). This section provides: "[E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues..." 28 U.S.C. § 2415(a) (2006). This statute further provides: "Nothing herein shall be deemed to limit the time for bringing an action to establish the title to, or right possession of, real personal property." 28 U.S.C. § 2415(c) (2006). The court in *United States v. Alvardo* 5 F.3d 1425 (11th Cir. 1993) held:

> that the plain language of § 2415(a) does apply to an action by the United States to recover from the debtor amounts owed on the promissory note, but does not apply to an action by the United States to foreclose on a mortgage securing the note. We conclude that Congress intended to allow the United States to bring such foreclosure actions at any time.

*Id*. at 1430.

Federal appellate courts that have addressed this issue have held that Plaintiff, the federal government, is not time-barred by a statute of limitations from foreclosing a mortgage. *See Westnau Land Corporation v. U.S. Small Business Administration*, 1 F.3d. 112, 116-117 (1st Cir. 1993); *UMLIC VP LLC v. Matthias*, 364 F.3d. 125, 134-35 (3rd Cir. 2004); *Farmers Home Administration v. Muirhead*, 42 F.3d. 964, 965-66 (5th Cir. 1995); *United States Small Business Administration v. Torres*, 42 F.3d 962, 966 (7th Cir. 1998); *United States v. Omdahl*, 104 F.3d 1143, 1145-46 (9th Cir. 1997); *United States v. Ward*, 985 F.2d 500, 502-03 (10th Cir. 1993); *United States v. Begin*, 160 F3d 1319, 1321 (11th Cir. 1998). Therefore, this Court also holds that the United States is not time-barred by a statute of limitations to foreclose on the mortgage.

The Defendants argue Plaintiff's Complaint is barred by the doctrine of laches.

However, "[i]t is well settled law that the United States is not bound by state statutes of limitations or subject to the defense of laches in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416 (1939). "When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority..." *United States v. Peoples Household Furnishings, Inc.*, 75 F.3d 252 (6th Cir.1996) (citing *United States v. Summerlin*, 310 U.S. 414, 416 (1939)). Here, the SBA was acting in its sovereign capacity by servicing the loan and by acting as the assignee of the Note. The Court in *United States v. Mandycz*, 447 F.3d. 951, 964 (6th Cir. 2006) held that when the United States is acting in its sovereign capacity, the common law doctrine of laches does not apply. Therefore, the doctrine of laches is not considered a viable defense to this foreclosure action.

The Defendants argue that allowing this foreclosure to proceed would violate the public policy concerns of fairness and economic efficiency. Defendants contend that Defendant John Piscitelli, Jr. would be materially prejudiced because many of the documents that he could use to defend himself no longer exist. (Def.'s Br. Opp'n Summ. J. at 6.) The public policy rationale behind exempting the sovereign from the consequences of its laches is to " preserv[e] the public rights, revenues, and property from injury and loss, by the negligence of public officers." *Guaranty Trust Co. of New York v. United States*, 304 U.S. 126, 132 (1938). This public policy outweighs the inconvenience caused to the Defendant.

The Sixth Circuit has stated that in the age of computer networks, government staff "could readily alert themselves electronically to any and all of the government's uncollected judgments that are getting close to a specified age. [The court] doubt[s] that the foundations of

7

the republic would crumble if the government were now to be held to the same timetables as everyone else..." *Peoples Household Furnishings, Inc.*, 75 F.3d at 257.  Nonetheless, the Sixth Circuit further noted  "[i]t is not for this court to revisit *Summerlin*, however." *Id.*  Until the Supreme Court revisits its decision in *Summerlin* to exempt  the government's real property foreclosure actions from the defense of laches, this Court must hold that the United States is not subject to the defense of laches in enforcing its rights.

There is no genuine issue of material fact regarding whether the Note was paid in full; it was not.  As a matter of law, neither the defense of statute of limitations nor the defense of laches can be utilized in the case at bar against the Plaintiff government.  Therefore, Plaintiff's Motion for Summary Judgment is granted with regard to the foreclosure claim.

### C. Defendant's Counterclaims

The Plaintiff moves for summary judgment on the Defendants' Counterclaims because it is entitled to proceed with foreclosure on the mortgage.  Therefore, there is no basis for the Defendants' Counterclaims of cloud upon title or slander of title.

Defendants have ignored Plaintiff's Motion for Summary Judgment on Defendants' Counterclaims and have not provided any evidence in support of their counterclaims.  "[T]he nonmoving party has an affirmative duty to direct the court's attention to specific evidence upon which it seeks to rely." *Davis v. City of East Cleveland*, 2006 WL 753129 (N.D. Ohio March 22, 2006) (citing *Al-Qudhai'een v. America West Airlines, Inc.*, 267 F. Supp.2d 841, 845 (S.D. Ohio 2003) (citing *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001))).  The lack of a response by the nonmoving party may result in an automatic grant of summary judgment.  *See Reeves v. Fox Television Network*, 983 F. Supp. 703, 709 (N.D. Ohio 1997).  Whether summary judgment is

appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

In Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment, Defendants designate no specific facts nor present any legal authority to support the elements of their counterclaims.  Since no genuine issue is created on these counterclaims, judgment in favor of Plaintiff is wholly appropriate.  "[T]he 'mere possibility' of a factual dispute is not enough.  Rather, in order to defeat summary judgment a [defendant] must come forward with more persuasive evidence to support [his or her] claim than would otherwise be necessary. Where the [plaintiff] demonstrates that after a reasonable period of discovery the [defendant] is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment should be granted."  *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 581 (6th Cir.1992).  Therefore, Plaintiff's Motion for Summary Judgment is granted against Defendants' counterclaims of slander of title and cloud upon title.

## IV.  CONCLUSION

There is no genuine issue of material fact that the Note was paid in full; it was not.  As a matter of law, neither the affirmative defenses of statute of limitations nor laches may be asserted against the Plaintiff.  Therefore, Plaintiff's Motion for Summary Judgment is granted with regard to the foreclosure claim.  Further, given that the Defendants have abandoned their counterclaims, this Court grants summary judgment against Defendants' counterclaims for slander of title and cloud upon title.

Plaintiff is ordered to submit a proposed judgment of foreclosure and order of sale.

Additionally, this Court orders the Plaintiff to produce a final judicial report.

IT IS SO ORDERED.

S/Christopher A. Boyko<br>
CHRISTOPHER A. BOYKO<br>
United States District Judge

September 16, 2009